142 N.J. Super. 429 (1976)
361 A.2d 616
LEVIN-SAGNER-ORANGE AND LEVIN-SAGNER-HOMES URBAN RENEWAL SECTION II, PLAINTIFFS,
v.
RENT LEVELING BOARD OF THE CITY OF ORANGE, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided June 4, 1976.
*431 Mr. Murray J. Laulicht for plaintiffs (Messrs. Lowenstein, Sandler, Brochin, Kohl & Fisher, attorneys).
Mr. David H. Ben-Asher for defendant (Messrs. Baumgart & Ben-Asher, attorneys).
BEDFORD, J.C.C., Temporarily Assigned.
Plaintiff Levin-Sagner-Orange is the owner of Section I of a garden apartment complex consisting of 52 units in the City of Orange. Plaintiff Levin-Sagner-Homes Urban Renewal Section II is the owner of Section II of that garden apartment complex consisting of 248 units in the City of Orange. It is known as Washington-Dodd Apartments, a subsidized insured project *432 of the Department of Housing and Urban Development under § 221 (d) (3) of the National Housing Act, 12 U.S.C.A. § 1715l(d) (3). Defendant Rent Leveling Board of the City of Orange is a public agency of the City created on November 10, 1972 by the rent leveling ordinance.
On October 22, 1975 HUD issued a regulation prescribing the conditions under which it will preempt rent regulation by local rent control boards acting pursuant to state or local law. 24 C.F.R. § 403. It provides in § 403.9 that
* * * it is in the national interest to preempt, and it [HUD] does hereby preempt, the entire field of rent regulations by local rent control boards * * * or other authority, acting pursuant to state or local law as it affects [subsidized, insured] projects * * *.
In January 1976 plaintiffs notified their tenants at the Washington-Dodd Apartments of their intention to file an application with HUD for rent increases. In February HUD notified the Orange board that it was processing plaintiffs' application for rent increases "and that HUD has preempted the fields of local rent regulations as it affects the [plaintiffs'] project."
On March 19, 1976 HUD approved an increase in the monthly rental charges of the Washington-Dodd Apartments. Three days later defendant's chairman notified plaintiffs and their tenants that the proposed increase "is null and void and tenants shall continue to pay current rents under the direction of the Orange Rent Leveling Board in compliance with The [Orange Rent Leveling] Ordinance."
On April 1, 1976 plaintiffs filed a complaint in lieu of prerogative writs seeking a declaration that defendant was acting unlawfully and interfering with plaintiffs' charging rents approved by HUD, and a temporary restraining order enjoining defendant from interfering with the collection of those rents. Plaintiffs also obtained an order to show cause why relief should not be granted on the return date thereof by way of summary judgment and a permanent injunction.
*433 On April 21, 1976 defendant filed an answer and counterclaim seeking a declaration that plaintiffs were unlawfully interfering with the administration of the Orange rent leveling ordinance with respect to the charging of rents at the Washington-Dodd Apartments and a permanent injunction against such conduct. Defendant has also filed a cross-motion for summary judgment.
The court is faced with the novel question of whether this HUD regulation, if valid, preempts the application of the Orange rent leveling ordinance to these plaintiffs.
First, defendant contends that the HUD regulation, 24 C.F.R. § 403, is invalid because it is an exercise by HUD of an undelegated authority and is therefore ultra vires.
12 U.S.C.A. § 1715b provides:
The Secretary is authorized and directed to make such rules and regulations as may be necessary to carry out the provisions of this subchapter. [Italics supplied]
Further, 12 U.S.C.A. § 1715l(d) (3) provides that for a limited dividend corporation to be eligible for HUD mortgage insurance it must be
* * * regulated or supervised under Federal or State laws or by political subdivisions of States, or agencies thereof, or by the Secretary under a regulatory agreement or otherwise, as to rents, charges, and methods of operation, in such form and in such manner as in the opinion of the Secretary will effectuate the purposes of this section. * * *
The legislative scheme provides first for insurance on long-term mortgage loans in order to encourage private investment in projects which would otherwise be too risky; second, mortgagors can obtain below-market interest rates to reduce rents necessary to service their debt obligations. The statute confers broad discretion on the Secretary to administer this program. Hahn v. Gottlieb, 430 F.2d 1243, 1246 (1 Cir.1970).
In essence, the Government is placed in the role of insurer for private investments. It may attempt to regulate its *434 relationship with § 221(d) (3) landlords with an eye to the furtherance of public welfare. However, its latitude in pursuing social goals is limited by the practical requirement of minimizing defaults. When mortgagors such as one of the plaintiffs fail, the Federal Government reimburses the mortgagees and takes over the projects until new purchasers can be found. Clearly, the Government has a very strong interest in the continuing solvency of its mortgagors. Hahn, supra at 1247. On its face § 221 (d) (3) provides that rents, charges and methods of operation shall be regulated by local, state or federal law. The form and manner of such regulation is to be determined by the Secretary as he, in his discretion, finds will best effectuate the purposes of the act.
HUD has found that local rent control ordinances are a
* * * significant factor in causing owners of FHA projects, especially subsidized projects, to default on their mortgage payments and to lose interest in project ownership. [40 Fed. Reg. 49319]
The court does not have the discretion to substitute its own judgment for that of administrative officials as long as they have stayed within the parameters of their administrative powers. A rule merely appearing to be unwise is insufficient to show such limits have been exceeded. Mistake does not rise to the level of abuse. American Tel. & Tel. Co. v. United States, 299 U.S. 232, 236, 57 S.Ct. 170, 81 L.Ed. 142 (1936).
Whenever a legislative body has delegated power to an agency to make rules having force of law (whether or not the delegation is explicit) the rules the agency makes pursuant to the granted power have the same force as a statute if they are valid, and they are valid if they are constitutional, within the granted power, and issued pursuant to proper procedure; a court may no more substitute its judgment as to the content of the legislative rule than it may substitute its judgment as to the content of a statute. [Davis, Administrative Law (3 ed. 1972), 126]
HUD has determined that in certain cases it can best regulate rents directly without the assistance of local rent *435 control boards. Sections 1715l(d)(3) and 1715b empower the Secretary to make this type of determination. It would be presumptuous of this court to find that HUD is unwise in exercising its power to do so. Therefore, the court holds that this regulation is within the power delegated to it by 12 U.S.C.A. § 1715b in conjunction with § 1715l(d) (3).
Defendant further attacks the HUD regulation as violative of the Tenth Amendment of the United States Constitution. It argues that rent control is an area traditionally regulated by the states based on their inherent police power. See, e.g., Lindsey v. Normet, 405 U.S. 56, 68-69, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972). Taking defendant's argument to a logical extension, it contends that wherever the state police power and the federal Commerce Clause overlap, the state police power controls. This is not the case. See generally Perez v. Campbell, 402 U.S. 637, 649-652, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971). To the extent the local ordinance and the federal law conflict, the National Housing Act and valid regulations made pursuant thereto must prevail.
The exercise of federal preemption is not to be presumed. There must be a clear manifestation of an intention to preempt. New York State Dept. of Social Services v. Dublino, 413 U.S. 405, 413, 93 S.Ct. 2507, 37 L.Ed.2d 688 (1973). Deciding whether the municipal ordinance conflicts with the federal regulation and is thus invalid under the Supremacy Clause, requires first construing the two and then ascertaining whether they conflict. Perez, supra 402 U.S. at 644, 91 S.Ct. 1704.
The authority to promulgate the Orange rent leveling ordinance is based on N.J.S.A. 40:48-2 which provides:
Any municipality may make, amend, repeal and enforce such other ordinances, regulations, rules and by-laws not contrary to the laws of this state or of the United States, as it may deem necessary and proper for the good government, order and protection of persons and property, and for the preservation of the public health, safety and welfare of the municipality and its inhabitants, and as may be necessary to carry into effect the powers and duties conferred and imposed by this subtitle, or by any law.
*436 In Inganamort v. Fort Lee, 62 N.J. 521 (1973), the constitutionality of rent control ordinances based on N.J.S.A. 40:48-2 was upheld.
The ordinance provides for annual rent increases not to exceed the lesser of the annual increase in the consumer price index or 4%. It allows for hardship increases where a landlord cannot service his mortgage debt and sustain maintenance. The ordinance also allows, among other things, for rents to be reduced when the board finds living conditions have deteriorated.
The HUD regulation requires little interpretation. On its face it purports to preempt the application of local rent control to certain subsidized housing. It is clear that plaintiffs' § 221(d) (3), limited dividend enterprises fall within that class. This brings us to the question of whether 24 C.F.R. 430 and the Orange rent leveling ordinance conflict.
First, defendant argues that § 221(d) (3) does not conflict with the ordinance. This may be true. However, this ignores the question of whether the regulation and the ordinance conflict. Having found the HUD regulation to be valid, it carries the weight of a federal statute. Free v. Bland, 369 U.S. 663, 668, 82 S.Ct. 1069, 8 L.Ed.2d 180 (1962).
Second, defendant relies on Helmsley v. Fort Lee, 362 F. Supp. 581 (D.N.J. 1973), a case in which the owners of a federally assisted apartment complex attacked the validity of the Borough of Fort Lee rent control ordinance and sought a preliminary injunction. Judge Lacey held that plaintiffs failed to either show any likelihood of success on the merits of their case or to demonstrate the requisite irreparable injury for a preliminary injunction under federal practice. Plaintiff argued the National Housing Act established "a pervasive federal scheme which has occupied the field of rent regulation and precludes supplemental state or local legislation. Helmsey, supra at 589. Judge Lacey found:
*437 The National Housing Act (including the FHA action thereunder) is not a rent control mechanism, and thus the field in which the challenged ordinance falls was not preempted. [Helmsley, supra at 590]
Helmsley is different from this case in one key respect; plaintiffs herein rely on a valid HUD regulation issued since then, and not solely on § 221(d) (3). In Helmsley HUD then stated:
"The Department has adopted the position that the regulation of landlord-tenant relations in federally assisted housing projects is not preempted by Congressionally enacted legislation, because the goals of local regulation may fulfill otherwise neglected needs and are not necessarily inconsistent with federal regulations. * * *' [at 591, n. 11]
Furthermore, plaintiff in Helmsley was forced to rely solely on § 221(d)(3) which gives the Secretary the option of regulating rent in subsidized projects. It was not until October 22, 1975 that the Secretary chose to regulate rents directly. Deference must be paid to a regulation issued by an agency exercising power expressly delegated to it by Congress in developing and changing circumstances. After many years' experience the Secretary, in his judgment, found that the application of local rent control to federally assisted housing was a substantial factor in mortgagor insolvencies. Whether it be for national uniformity or to remove other obstructions in the path of federal projects, the Secretary has wide latitude to promulgate such a regulation. Finding that the regulation is valid and that the Orange rent leveling ordinance conflicts with it, the court concludes that the ordinance as applied to these plaintiffs is preempted by 24 C.F.R. 403 by virtue of the Supremacy Clause.
Defendant has argued orally that plaintiffs' motion for summary judgment should be denied because they have failed to exhaust their administrative remedies. Defendant contends that plaintiffs should comply with the Orange Rent Leveling Board procedures to determine whether the rent *438 increases approved by HUD will be affirmed by the board. If they are not, plaintiffs should petition the board for a hardship increase. Defendant argues that the controversy will only become ripe for judicial review when plaintiffs have taken these steps.
As a general rule a complaining party in an action in lieu of prerogative writs is required to apply for administrative relief before the courts may be requested to intervene. R. 4:69-5. This doctrine is designed to allow administrative bodies to perform their work in an orderly manner without anticipatory interference by the courts. Brunetti v. New Milford, 68 N.J. 576, 588 (1975). Here, this purpose would not be achieved by requiring plaintiffs to go before the board. One of the underlying problems the HUD regulation was designed to correct is the time delay which attends compliance with local rent control. Further, the issues before us, namely preemption and delegation, are legal in nature and do not involve the board's administrative expertise. Where only questions of law are at issue, the exhaustion doctrine is inapplicable. Matawan v. Monmouth Cty. Tax Bd., 51 N.J. 291, 296-297 (1968).
For the reasons stated herein, plaintiffs' motion for summary judgment is granted and defendant's motion is denied. Plaintiff to submit order.