Counsel will submit a form of order in accordance with the foregoing opinion.

Abzerda LANE, and Woodrow Palmer, on behalf of themselves and all others similarly situated

v.

Carla HILLS, Individually and in her capacity as Secretary of the U. S. Department of Housing and Urban Development, et al.

Civ. No. 76–546.

United States District Court, D. New Jersey.

Sept. 17, 1976.

Timothy K. Madden, Director, Hudson County Legal Services, by Gregory G. Diebold and Stephen St. Hilaire, Jersey City, N. J., for plaintiffs.

Jonathan L. Goldstein, U. S. Atty., by George E. Mittelholzer, Asst. U. S. Atty., Newark, N. J., for all defendants (except the Mt. Pisgah Home Development Corp. and The Mt. Pisgah African Methodist).

BIUNNO, District Judge.

At the close of the hearing of July 7, 1976, counsel were asked to prepare an order embodying the court's ruling. A draft order was prepared, consented to as to form, and submitted. After a review of it, as well as of the record, the court is of the view that the form order has too great a risk of confusion and has accordingly prepared and signed a form which it considers to embody its rulings clearly and effectively.

Part of the reason for this disposition arises from the pleading record. The original complaint, filed March 25, 1976 was reasonably informative and brief. It was answered by the federal defendants on May 10, 1976.

After a consent order to do so, an amended complaint was filed June 8, 1976 along with a notice of motion for summary judgment and for preliminary injunction returnable June 28, 1976. There is no answer to the amended complaint, because on June 28,

1976 the federal defendants filed a motion to dismiss or stay those parts of the amended complaint as seek implementation of the operating subsidy program in view of a decision, in the U.S. District Court for the District of Columbia, to which plaintiffs and the federal defendants are party.

That motion does not identify any specific counts or paragraphs of the amended complaint, and on a detailed review of it the court is unable to ascertain with confidence what parts of the complaint are affected by the motion, and what parts are not.

■ The amended complaint is essentially disorderly and disorganized. It falls far short of the command of F.R.Civ.P. 8(a) calling for a "short and plain statement" of the jurisdictional grounds, and of the claims. The amended complaint, insofar as it is a vehicle for the communication of information, is one of those rare examples when the whole is less than the sum of all its parts; it reflects the converse of synergy.

As the court understands the theme of the case, there are three basic claims. One has to do with the implementation of the operating subsidy program for projects coming within § 236 of the National Housing Act; this is evidently the subject of the action in the District of Columbia. The second has to do with a claim of non-compliance with applicable regulations governing the procedure for processing authorizations to increase rents, under 24 CFR § 401.1 et seq., as amended, 40 Fed.Rep. 29073 et seq. The third has to do with the applicability of, and compliance with, a municipal rent leveling ordinance of Jersey City.

These three basic claims give rise to various forms of relief sought. One is implementation of the operating subsidy program. Another is a "rescission" of the rent increases already noticed. Last, a preliminary injunction and permanent injunction against demand or collection of the rent increase is sought.

This analysis may or may not accurately summarize the substance of the amended

complaint. Regardless of the physical labelling of "counts", the amended complaint is permeated with repeated restatements of material related to more than one of these themes. The demands for judgment are coagulated at the end of the pleading, in a way that makes it impossible to identify which demands relate to each count.

Accordingly, plaintiffs are directed to plead over, adhering to the standards of Rule 8, much more briefly, concisely and simply than in the amended complaint. Argument and other matter belonging in a brief is to be excluded. Allegations of facts, preferably in chronological sequence, are to be emphasized. Plaintiffs will be allowed a reasonable time, and are to submit a brief order specifying whatever time they consider reasonable for the purpose, within which to file and serve a second amended complaint. The order may be submitted ex parte.

Plaintiffs should also take pains to embrace in such count or counts as are suitable, claims matching those involved in the District of Columbia suit, with corresponding demands for judgment following each. This will be essential if claims not affected by that suit are to proceed.

■ The order for stay sought by the federal defendants is granted (except for pleading over and answer thereto), limited to the scope of the District of Columbia lawsuit; and the parties should note that this applies to the whole of that lawsuit and not merely to so much as has been decided. To the extent that there are common issues in the two lawsuits, the one first filed will be allowed to proceed, and the later one stayed as though on plea in abatement. This is commanded not only to avoid the risk of different outcomes between the same parties on the same issues, but also in consideration of the great need for economy of judicial effort.

Without deciding the issue, and without foreclosing plaintiffs' claims in their second amended complaint, it is observed that "rescission" of the rent increase, to the extent grounded on non-implementation of the operating subsidy program, does not appear to be an appropriate remedy. The argument is over how much the rent should be, both in the past and in the future. The argument is over a disputed sum of money payable monthly. Since the retroactive date set in the District of Columbia lawsuit is earlier than any date at issue here, implementation of the program, if affirmed on appeal, will automatically be reflected in adjustment of rents for both past and future periods. This is a separate, albeit a complex, component of the rent dispute. Adjustment of past and future rents, if eventually found to be required, will provide a complete remedy for that component, while rescission of the entire increase in dispute here may go beyond the scope of the implementation.

■ On the "compliance with regulations" issue, the federal defendants concede in their brief that the procedure used was that specified in interim regulations rather than in the later regulations in force and applicable. They affirm that they will forthwith require the project sponsor to submit current financial statements, and will reevaluate the rental increase in light thereof (presumably in strict compliance with current regulations). If this review shows that either no increase or a lesser increase was warranted, restitution will be made to both former and present tenants, by refund or credit as appropriate. And, if the reevaluation shows that a still higher increase was warranted, the excess will not be claimed (until some new proceeding opens the question again, as it may).

A decision of the Court of Appeals for the Third Circuit, handed down since the hearing of June 28, 1976, indicates that this is sound procedure. *Twiggs v. U. S. Small Business Administration,* CA–3, 150 F.2d 541, affirms the well-established principle that judicial review of administrative action does not extend so far as to either enlarge the record of the agency or to substitute the court's judgment for that of the agency. Rent regulation, like all price or rate regulation, is essentially legislative rather than judicial in nature. Since the applicable regulations do not call for a "hearing" process

in the traditional sense, the court's review is probably limited to the question whether agency action is arbitrary, capricious or an abuse of discretion under 5 U.S.C. § 706(2), and probably is not tested by whether there is "substantial evidence" to support the action in the agency record.

In cases where agency action is defective for procedural reasons, the appropriate remedy is to remand for further action with proper procedures so that the defect may be cured without automatically affecting the merits. To do otherwise would be to return to the long-abandoned injustices of the common law, when buying the wrong writ could be fatal to the merits. The reprocessing of the increase issue, along the lines tendered by the federal defendants, satisfies this concept. The outcome will be controlled by the supplemental record.

A word should be said about the rent levelling ordinance. This court has filed an opinion on the subject in *Glasco v. Hills,* 412 F.Supp. 615 (D.N.J.1976). Judge Bedford has also rendered an opinion in the Superior Court of New Jersey, in a recent advance sheet, *Levin etc. v. Rent Board, etc.,* 142 N.J.Super. 429, 361 A.2d 616 (Law, 1976). The same question is understood to have been argued before the Supreme Court of New Jersey, but not decided, in regard to projects financed by a state housing agency serving functions like HUD. In any event, no controlling appellate ruling seems to have been made; rent levelling ordinances in this state have only been authorized since *Inganamort* (discussed and analyzed in *Glasco,* along with later rulings), and cases with the point at issue here have not come through the higher courts.

The trial court rulings so far indicate a lack of probable eventual success on this point, but that should not discourage plaintiffs from asserting it; the trial courts may be reversed.

Last, the court has decided that the proposed order for sub-class certification should not be entered, even though consented to. That step should await filing of and answer to the second amended complaint.

Beyond that, the court feels no confidence in the correctness of the definition of the sub-class. This question may need to await some kind of factual analysis of the status of each tenant to ascertain how they should be classified. It may be that someone other than the named plaintiffs should be designated to represent different categories.

The order covering the rulings of the June 28 hearing, on stay, and for pleading over, will be entered by the court. The ex parte order fixing time for pleading over is to be submitted by plaintiffs. Note is made that the default entered against the project sponsor is ineffective in regard to the amended complaint and the second amended complaint. A report on the efforts to execute the bench warrant issued July 28, 1976, for the arrest of Lawrence Corrin is to be submitted as soon as feasible.

SO ORDERED.